IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROY EUGENE USSERY, § | | |
| TDCJ-CID No. 02204802, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:25-CV-178-Z-BR | |
| § | | |
| HARRIS COUNTY DISTRICT § | | |
| ATTORNEY, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

Before the Court is a Motion For Appointment of Counsel and Request for TRO or Appointment of Person to Check On Petitioner by Phone and In Person (the "Motion") filed by Plaintiff Roy Eugene Ussery ("Ussery"). (ECF 7). For the reasons stated below, the Magistrate Judge recommends that the District Court *sua sponte* dismiss this Complaint for lack of subject matter jurisdiction.

**I. BACKGROUND FACTS**

Ussery filed this Complaint on August 6, 2025, against Defendant Harris County District Attorney. (ECF 3). The Complaint alleges that the Court has subject matter jurisdiction because the Complaint asserts an "admiralty or maritime claim." (*Id*. at 2). Ussery states no admiralty or maritime cause of action, however. Ussery's Complaint specifically states that it is not to be considered a petition for writ of habeas corpus and, instead, is an "independent action in equity" that "seeks only equitable relief in the form of a declaratory judgment." (*Id*. at 1). Ussery then recounts purported irregularities in his underlying criminal trial and seeks a declaration that state statutes under which he was convicted "operate to the detriment of a defendant, denying an

1

opportunity to present a defense, or an opportunity to expose bias of any jurors." (*Id*. at 10).

After reviewing Ussery's Complaint, the Court questioned whether it has subject matter jurisdiction over this action. The allegations in the Complaint regarding Defendants' citizenship are insufficient to satisfy Ussery's burden of establishing subject matter jurisdiction based on diversity of citizenship, and Ussery has not alleged a federal question cause of action, especially considering his clear statement that his Complaint is not to be construed as a habeas corpus petition. Consequently, the Court ordered Ussery to file an Amended Complaint setting forth the Court's subject-matter jurisdiction on or before September 9, 2025. (ECF 5). The Court warned Ussery that failure to do so would result in this Court's recommendation that this case be dismissed for lack of subject matter jurisdiction. Ussery did not file an Amended Complaint; instead, on August 29, 2025, he filed the Motion, in which he does not cure the jurisdictional deficiency.

## II. LEGAL ANALYSIS

### A.     Subject Matter Jurisdiction.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction

to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp.*, 841 F.2d at 1258. A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted). For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2).

A federal court also has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. Whether an action "arises under" federal law and creates

federal question jurisdiction ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).

**B.     Ussery Fails to Allege Subject Matter Jurisdiction.**

In the Motion, Ussery does not address the Court's jurisdiction. Instead, he recounts a litany of complaints regarding his confinement.[1] (ECF 7). The Complaint itself alleges only state-law "fraud or mistake" claims. Therefore, it is not clear from the face of the Complaint that this Court has federal question jurisdiction. "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000) (citing *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

Because Ussery asserts only state-law claims, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000.00 for this Court to have subject matter jurisdiction. 28 U.S.C. § 1446(c)(2). Ussery bears the burden of establishing by a preponderance of the evidence that the parties are completely diverse. *De Aguilar v. Boeing Co. (De Aguilar I)*, 11 F.3d 55, 58 (5th Cir. 1993). Ussery's Motion does not cure the Complaint by providing the citizenship of the Defendants. Because Ussery has failed in meeting his burden to establish subject matter jurisdiction, this case should be dismissed without prejudice and the Motion terminated.

**C.     Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not necessary, however, when the plaintiff already has pleaded his best case. *Wiggins v. La. State*

---

[1] The Harris County District Attorney is not the proper defendant for a possible civil rights complaint regarding the conditions of Ussery's confinement.

4

*Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citations omitted). Ussery was given leave to amend and properly allege subject matter jurisdiction; he either cannot or will not do so. Therefore, allowing Ussery further attempts to amend is unnecessary.

## RECOMMENDATION

For the reasons stated above, the District Court should DISMISS this case without prejudice for lack of subject matter jurisdiction, and terminate the Motion. (ECF 7).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 2, 2025.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal

conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).